UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK C. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIVERWALK HOLDINGS, LTD., et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00251 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. 26) |

Frederick Anderson seeks the entry of default judgment against Defendant Riverwalk Holdings, Ltd. (Doc. 26) Riverwalk has not opposed this motion. The Court found the matter suitable for decision without a hearing, and took the motion under submission pursuant to Local Rule 230(g). For the following reasons, the Court recommends Plaintiff's motion for default judgment be **DENIED WITHOUT PREJUDICE**.

**I.    Procedural History**

Plaintiff initiated this action by filing a complaint on February 23, 2016 (Doc. 1), which he amended on March 30, 2016 (Doc. 8). Plaintiff contends defendants Riverwalk, Nelson & Kennard, Donald Nelson, and Robert Scott Kinard believed Plaintiff incurred a consumer debt and fell behind on payments. (Doc. 8 at 6, ¶ 22) Plaintiff contends the defendants are liable for violations of the Fair Debt Collection Practices Act, California's Rosenthal Fair Debt Collection Practices Act, and

1

negligence for actions taken in the course of attempting to collect the alleged debt.  (*See generally* Doc. 8)  Each of the defendants was served with the Summons and Amended Complaint.  (Doc. 12)  Defendants Nelson & Kennard, Donald Nelson, and Robert Scott Kinard filed their Answer on May 23, 2016.  (Doc. 15)  However, Riverwalk failed to respond within the time frame prescribed by the Federal Rules of Civil Procedure.  Upon application of Plaintiff, the Clerk of the Court entered default against Riverwalk on September 12, 2016.  (Docs. 24, 25)

## II.     Applications for Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment.  After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment.  Fed. R. Civ. P. 55(a)-(b).  Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven.  *Pope v. United States*, 323 U.S. 1, 22 (1944); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment.  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), *accord Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  As a general rule, the issuance of default judgment is disfavored.  *Id.* at 1472.

## III.    Plaintiff's Factual Allegations

The factual assertions of Plaintiff related to defendant Riverwalk are taken as true because

default has been entered against Riverwalk. *See Pope*, 323 U.S. at 22.

Plaintiff alleges Riverwalk is a corporation that "in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection." (Doc. 8 at 4, ¶ 14) According to Plaintiff, defendants believed Plaintiff incurred financial obligations to Washington Mutual, Inc. and/or Chase Bank, N.A. (*Id.* at 6, ¶ 22) Riverwalk asserted, "Plaintiff allegedly fell behind on the payments allegedly owed on the alleged debt." (*Id.*, ¶ 23) However, Plaintiff contends that he "was not the debtor," and "the monthly credit card statements provided by the original creditor regarding the alleged debt name Frederick Anderson *Jr.* … as the debtor." (*Id.*, ¶ 24, emphasis in original) Plaintiff alleges he "is not a Jr." (*Id.*, ¶ 25) Riverwalk "filed a Complaint in California state Court against Plaintiff for an open book and/or account stated" on May 24, 2012. (*Id.*, ¶ 26)

On December 17, 2013, Plaintiff notified Riverwalk, by sending a letter to defendant Nelson & Kennard—the legal representative for Riverwalk—that he "disputed the validity of the debt." (Doc. 8 at 7, ¶ 28) In addition, Plaintiff requested that the defendants "only communicate with Plaintiff in writing at his P.O. Box address." (*Id.*) Plaintiff received a written acknowledgement of this letter in return. (*Id.*, ¶ 29) Despite this, Plaintiff received "at least six (6) telephonic communication attempts" on his cell phone between May 8, 2015 and July 28, 2015. (*Id.*)

Further, Plaintiff reports that Riverwalk "allegedly transferred, placed or assigned Plaintiff's alleged debt to ACM Riverwalk IV B, LLC" (Doc. 8 at 8, ¶ 31), which then "transferred, placed or assigned Plaintiff's alleged debt to Cavalry SPV I, LLC." (*Id.*, ¶ 32) Plaintiff contends Riverwalk continued debt collection attempts after transferring the debt without a legal right to do so. (*Id.*, ¶ 33) Plaintiff alleges, "In fact, on August 8, 2015, in response to a Notice Of Intention To Dismiss On Court's Own Motion and a request to show cause as to why the Court should not dismiss without prejudice, Defendant N&K appeared by telephone and admitted that Defendant Riverwalk no longer had standing to sue Plaintiff." (*Id.*, ¶ 34) Plaintiff reports the complaint was never amended and instead, the state court action was dismissed on December 14, 2015. (*Id.*, ¶ 35)

Based upon the foregoing actions, Plaintiff alleged Riverwalk is liable for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p); California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32; and negligence. (Doc. 8 at 11-13)

## IV. Discussion and Analysis

Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds the factors weigh against granting Plaintiff's motion for default judgment.

### A. Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See Pepsico, Inc.*, 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Here, however, Plaintiff has an opportunity to litigate the case on its merits, and thus there is another avenue by which Plaintiff may recover damages. Therefore, Plaintiff would not be prejudiced if default judgment is not granted at this time.

### B. Merits of Plaintiff's claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of Plaintiff's substantive claims and the sufficiency of the complaint together. *See Premier Pool Mgmt. Corp. v. Lusk*, 2012 U.S. Dist. LEXIS 63350, at *13 (E.D. Cal. May 4, 2012). The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

#### 1. Fair Debt Collection Practices Act

Under the provisions of the FDCPA, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). In general, "[t]here are four elements to an FDCPA cause of action: (1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o." *Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004)).

Plaintiff asserts he "is a natural personal allegedly obligated to pay a debt, and is a 'consumer'"

within the meaning of 15 U.S.C. § 1692a(3).  (Doc. 8 at 4, ¶ 13)  In addition, Plaintiff alleges, "Riverwalk, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection."  (*Id.*, ¶ 14)  Further, Plaintiff contends that each of the named defendants, including Riverwalk "use[]an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  (*Id.* at 5, ¶ 18)  Riverwalk believed that Plaintiff entered into obligations with Washington Mutual, Inc. and/or Chase Bank, N.A., and incurred credit card debt (*id.* at 6, ¶¶ 22, 24), which qualifies as a consumer debt within the meaning of the FDCPA.  In attempting to collect the debt, Plaintiff contends Riverwalk violated several provisions of the FDCPA, including Sections 1692c(c), 1692d, 1692d(2), 1692e, 1692e(10), 1692e(2)(A), 1692e(5), 1692f, and 1692f(1).

For example, Plaintiff reports that Riverwalk "falsely represent[ed] the character, amount and/or legal status of the debt" through the filing of the complaint in the state court, and also took an action they were not legally able to do after transferring the alleged debt.  (Doc. 8 at 8, ¶¶ 41-43)  Under Section 1692e, false or misleading representations regarding a debt are prohibited by the FDCPA.  *See* U.S.C. § 1692e.  Specifically, Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  *Id.*  Threats to take an action that cannot legally be taken, as well as false representations regarding "the character, amount, or legal status of any debt," are prohibited.  *See id.* §1692e(2), (5).  Thus, Plaintiff has stated a claim for a violation of the FDCPA by Riverwalk.

### 2. California's Rosenthal Debt Collection Practices Act

California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices."  *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009) (citing Cal. Civ. Code § 1788.1).  The Rosenthal Act incorporates provisions of the FDCPA by reference, and a violation of the FDCPA constitutes a violation of the Rosenthal Act. *See* Cal. Civ. Code § 1788.17; *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).  Thus, "a claim for violation of Rosenthal Act Section 1788.17 simply requires showing that a defendant violated any of several

provisions of the FDCPA." *Crockett v. Rash Curtis & Associates*, 929 F. Supp. 2d 1030, 1033 (N.D. Cal. Mar. 14, 2013). As discussed above, Plaintiff has stated a claim for a violation of the FDCPA. As a result, he has also stated a claim for a violation of the Section 1788.17 of the Rosenthal Act.

### C.   Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc.*, 238 F.Supp.2d at 1176. "Default judgment is disfavored when a large sum of money is involved." *See Moore v. Cisneros*, 2012 U.S. Dist. LEXIS 177044, at *5 (E.D. Cal. Dec. 12, 2013).

Plaintiff seeks $2,000 in statutory damages. Given the small sum of money at stake, which is authorized by the FDCPA and Rosenthal Act, this factor does not weigh against Plaintiff's request for default judgment. *See id.; see also G & G Closed Events, LLC v. Shahen*, 2012 U.S. Dist. LEXIS 58723, at *18 (E.D. Cal. Apr. 26, 2012) (explaining that where "the statutes involved contemplate such an award," this factor did not weigh against default judgment).

### D.   Possibility of dispute concerning material facts

Generally, when a defendant is in default there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts allegations in Plaintiff's First Amended Complaint as true and (2) though properly served, the failed to appear. *See Pepsico, Inc.*, 238 F.Supp.2d at 1177. On the other hand, here there is a possibility dispute concerning material facts because other defendants have appeared in the action, and deny the allegations of the complaint. (*See* Doc. 15) Consequently, this factor weighs against granting default judgment.

### E.   Whether default was due to excusable neglect

Generally, the Court will consider whether a defendant's failure to answer is due to excusable neglect. *See Eitel*, 782 F.2d at 1472. Here, the registered agent for Riverwalk was served with the Summons and First Amended Complaint, as well as the motion for default judgment. (*See* Doc. 11 at 2; Doc. 26 at 4) Given these facts, it is unlikely the failure to respond was the result of excusable neglect. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Accordingly, this

factor does not weigh against default judgment.

### F. Policy disfavoring default judgment

As noted above, default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Riverwalk's failure to answer the Complaint makes a decision on the merits somewhat impractical. However, as indicated above, a defendant has appeared to defend in the action. Consequently, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits weighs against Plaintiff.

## V. Default against a Single Defendant

Plaintiff seeks judgment against Riverwalk, although other defendants remain to defend in the action. Therefore, the question arises as to whether the Court should enter default judgment against less than all of the defendants. Under the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (noting the court has discretion to enter a default judgment as to less than all defendants). Therefore, the Court has discretion to deny entry of default judgment where a just reason exists to delay entry of a final judgment as to defendant Riverwalk. *Id.*; *see also Shanghai*, 194 F.Supp.2d at 1005.

The Supreme Court warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Moreover, "[c]onsiderations of fairness and the sound administration of justice are also applicable to the entry of default judgment in a case involving multiple parties or claims." *Johnson v. Cate*, 2009 U.S. Dist. LEXIS 57942, at *5 (E.D. Cal. June 23, 2009). Thus, the Ninth Circuit determined a court should not enter default judgment where "the defendants are similarly situated defendants, even if not jointly and severally liable, and where delay is necessary to avoid an inherently inconsistent result." *Id.*, citing *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). The applicability of *Frow* "turns . . . on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform."

*Shanghai,* 194 F.Supp.2d at 1008.

Here, the allegations against the defendants are uniformly stated—such that a determination of the facts as to Riverwalk would be a determination as to the remaining defendants. If the remaining defendants were found liable as well, Plaintiff again would be able to seek damages –and thereby have double recovery for the same injuries. However, "[i]t is a fundamental legal principle that an injured party is ordinarily entitled to only one satisfaction for each injury." *Franklin v. Kaypro Corp*., 884 F.2d 1222, 1230 (9th Cir. 1989) (quoting U.*S. Indus., Inc. v. Touche Ross & Co*., 854 F.2d 1223, 1236 (10th Cir. 1988)). Therefore, even if the *Eitel* factors had not weighed as heavily against Plaintiff, it is in the interest of justice to not enter default judgment while Robert Kennard, Donald Nelson, and Nelson & Kennard remain to defend. *See SEC v. Loomis*, 2010 U.S. Dist. LEXIS 87021, at *12-13 (E.D. Cal. Aug. 2010) (the Court found just reason for delay in entry of default judgment "given the overlapping nature of the claims as to different defendants").

### VI.     Findings and Recommendations

Given the issues discussed above, and the strong policy favoring decisions on the merits rather than the issuance of default judgment, the Court **RECOMMENDS** that Plaintiff's motion for entry of default judgment against Riverwalk Holdings, Ltd. be **DENIED WITHOUT PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 15, 2016**              **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE