UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK C. ANDERSON,<br><br>           Plaintiff,<br><br>      v.<br><br>RIVERWALK HOLDINGS, LTD., et al.,<br><br>           Defendants. | Case No.: 1:16-cv-00251 - LJO - JLT<br><br>ORDER DENYING STIPULATION TO AMEND CASE SCHEDULE<br><br>(Doc. 37) |

      The parties have stipulated to amend the case schedule to extend case deadlines by about 45 days. (Doc. 37)  They offer little justification for the amendment stating only that they have had difficulty recently in selecting dates for "critical" depositions due to counsel's travel schedule and other commitments.  Id. at 2.  They do not explain why these critical depositions were not taken in the nine preceding months and, though they conclude they have been diligent in completing discovery, they provide no facts to support this conclusion.  Id.

      Notably, in November 28, 2016, the Court reminded counsel "of their obligation to complete all discovery within the time frames set forth in the Scheduling Order." (Doc. 33)  Nevertheless, apparently, this failed to spur counsel on to complete discovery as ordered.

      In the scheduling order, the Court provided information as to what was required when seeking to amend the case schedule.  Indeed, in the scheduling order, the Court admonished,

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 21 at 6, emphasis in the original)

Good cause is shown by demonstrating the parties acted diligently to meet the deadlines in place. ". . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). In part, the "good cause" standard requires the parties demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

Here, the parties offer little explanation for their failure to have progressed in discovery. The Court is aware that the defendants delayed significantly in beginning discovery and that plaintiff allowed the defendants to fail to timely respond to discovery requests. (Doc. 32)  Because counsel have provided no other explanation for their failure to complete discovery before now, the Court must conclude that it is due to these factors. Due to the failure to demonstrate good cause, the stipulation to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

   Dated:   **March 14, 2017**              **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE